**Arturo R. ARGUELLES, Appellant,**

v.

**Alfredo C. RIVERA et al., Appellees.**

No. 6039.

Court of Civil Appeals of Texas.

El Paso.

Sept. 17, 1969.

Rey & Rey, Joseph J. Rey, Jr., El Paso, for appellant.

Kemp, Smith, White, Duncan & Hammond, Jack Ratliff, El Paso, for appellee.

## OPINION

WARD, Justice.

This is an appeal from a non-jury trial before a district court of El Paso County, where appellant brought suit against Alfredo Rivera and Ford Motor Credit Company for wrongful repossession and conversion of a truck, and against Alfredo Rivera, only, for the wrongful repossession of a parking garage business. The trial court entered a take-nothing judgment against the appellant.

With some difficulty we have determined that the appellant's first two points relate to the sufficiency of the evidence to support the judgment of the court; and on the fact questions presented, we have considered and weighed all of the evidence adduced at the trial.

■ On the portion of the case relating to the wrongful repossession of the parking garage business, the undisputed facts show that on April 30, 1966 Mr. Rivera sold the business to the appellant by bill of sale which recited the sum of $10.00 and other good and valuable consideration in cash, and the execution by the purchaser of three promissory notes due at different times in the future. The only substantial dispute in the record on this point is as to whether or not there was actually a $1,000.00 down payment made, or whether no down payment was called for by the agreement. If a down payment was called for, then the appellant was in serious default at the time of the repossession of the business in April, 1968, and the appellee acted properly under his security instruments. If a down payment was not a part of the agreement, then the appellant was current in his note payments at the time of the repossession and the appellee's action was wrongful. The appellee testified that the down payment was a part of the agreement. The appellant denied this at the trial, but he admitted

that, on his deposition, he had said that the total agreed purchase price for the business was $3,054.79, which was the exact total of the three notes plus $1,000.00 down payment. The chronology of the payments fits the down payment concept. The attorney who drew the papers testified in substance that a down payment was called for, although he could not recall the amount. The testimony of the appellant was conflicting, and testimony was produced that his reputation for truth and veracity was bad. The trial judge favored the appellee's version, and he was the sole judge of the facts proved, the credibility of the witnesses, and the weight to be given to the testimony.

 As to the part of the case relating to the wrongful repossession and conversion of a truck, it was uncontroverted that this was a separate transaction wherein the parties agreed that the appellee, Mr. Rivera, was to buy a truck, execute a note for the balance payable to Ford Motor Credit Company, and take the registration in his own name. The appellant would keep up the note payments and, at the end of four months, take the title in his own name. This was done to accommodate the appellant, who needed the truck in the business, and because the appellant's credit was described as "lousy". Mr. Rivera testified that the payments on the truck were always delinquent, that the appellant would not, after four months, get the title transferred to his own name, and in order to protect himself Mr. Rivera returned the truck to the appellee Ford Motor Credit Company for resale to another buyer. Nowhere in the record was there any testimony relative to any damages suffered by the appellant as to the truck. As to said transaction, appellant offered testimony that the Ford Motor Credit Company was aware of the appellant's interest in the truck, but this was denied by Ford. On this conflicting testimony, the trial court found for the appellees. The first two points are overruled.

Appellant finally complains of Mr. Rivera's testimony that there was a down payment of $1,000.00 called for by the bill of sale which recited the sum of $10.00 and other good and valuable consideration in cash. His point that it is contrary to the Statute of Frauds has no application, and his point that it was a leading question has no support in the record, as no such objection was made. This point is overruled.

The judgment of the trial court is affirmed.